A CERTIFIED TRUE COPY
ATTEST

By Bonita Bagley on Aug 21, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Aug 21, 2008

FILED
CLERK'S OFFICE

IN RE: ZURN PEX PLUMBING PRODUCTS
LIABILITY LITIGATION

MDL No. 1958

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in two actions pending, respectively, in the District of Minnesota (*Cox*) and the District of North Dakota (*Barnes*) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Minnesota. Plaintiffs' motion is supported by plaintiffs in the District of Minnesota *Minnerath* action and plaintiffs in two potential tag along actions pending in the Western District of North Carolina and the Eastern District of Virginia, respectively. Defendants[1] oppose centralization and, alternatively, support selection of the District of Minnesota as the transferee forum.

This litigation currently consists of three actions listed on Schedule A and pending in two districts as follows: two actions in the District of Minnesota and an action in the District of North Dakota.[2]

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions regarding the development, design, manufacture, and marketing of Zurn pex[3] brass fittings, which plaintiffs contend are subject to premature failure. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

---

[1] Zurn Pex, Inc., and Zurn Industries, LLC (collectively Zurn).

[2] In addition to the three actions now before the Panel, the parties have notified the Panel of six related actions pending as follows: an action each in the District of Colorado, the District of Minnesota, the District of Montana, the Eastern and Western Districts of North Carolina, and the Eastern District of Virginia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[3] "Pex" refers to cross-linked polyethylene, which is used to make flexible plastic pipes that are in common use in plumbing applications across the country.

- 2 -

Defendants oppose the motion, arguing, *inter alia*, that (1) there are only a few actions involved in this litigation; and (2) alternative means of coordination among the actions would be preferable to centralization.  Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments.  There are presently three actions and six potential tag-along actions which present overlapping and, often, nearly identical factual allegations that will likely require duplicative discovery and motion practice.  Centralizing these actions under Section 1407 will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the District of Minnesota is an appropriate transferee forum.  The District of Minnesota is where the first-filed and most procedurally advanced action is pending.  Further, all parties support centralization in this district, if the Panel deems centralization appropriate.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of Minnesota is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Ann D. Montgomery for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz        Robert L. Miller, Jr.
Kathryn H. Vratil        David R. Hansen

**IN RE: ZURN PEX PLUMBING PRODUCTS**
**LIABILITY LITIGATION**                                              MDL No. 1958

## SCHEDULE A

<u>District of Minnesota</u>

Denise Cox, et al. v. Zurn Pex, Inc., et al., C.A. No. 0:07-3652
Jody Minnerath, et al. v. Zurn Industries, LLC, et al., C.A. No. 0:07-4849

<u>District of North Dakota</u>

Beverly Barnes, et al. v. Zurn Pex, Inc., et al., C.A. No. 1:07-74