UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Zurn Pex Products Liability Litigation | Court File No. 08-MDL-1958 (ADM/RLE) |
| *This document relates to:* | **Memorandum In Support of Motion for Order Approving Notice of Pending Litigation to Class Members** |
| *Cox, et al.* (Civil No. 07-cv-03652) | |

**Introduction**

The Court's order granting certification of a class of Minnesota Zurn pex system owners has been affirmed. Zurn's petition for rehearing has been denied. Plaintiffs, therefore, seek approval of a proposed class notice and plan for dissemination of that notice. As discussed in this memorandum, the proposed notice and notice plan exceed the constitutional requirements of a Rule 23 notice and should, therefore, be approved.

The proposed comprehensive multi-part notice plan is designed to ensure the best notice practicable, thereby allowing potential class members to make "informed decisions about whether to participate." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The proposed notice concisely advise class members and clearly state in plain, easily understood language each element of Rule 23(c)(2)(B).

The proposed notice plan includes: (1) direct-mail notice to known owners of Zurn pex systems, (2) an extensive published notice program, (3) direct-mail and email to more than 1,300 Minnesota plumbing contractors, (4) a widely distributed press release, (5) an Internet web site, and (5) a toll-free number for inquiries. This notice plan easily

satisfies Rule 23 due-process requirements and should be approved.

## Relevant Procedural History

On May 6, 2010, the Court granted class certification of two classes under Federal Rule of Civil Procedure 23(b)(3):

> All persons and entities that own a structure located within the State of Minnesota that contains a Zurn Pex plumbing system with Zurn brass crimp fittings. The proposed class includes, without limitation, all such persons or entities who contacted Zurn or its representatives about their Zurn Pex plumbing system and were denied or partially denied warranty coverage for failure of the Zurn Pex plumbing system based on a claim that "corrosion" was not covered by the warranty or that other alleged warranty limitations applied.
>
> All persons and entities that own a structure located within the State of Minnesota that contains a Zurn Pex plumbing system with Zurn brass crimp fittings and who have suffered damage to their property caused by a failure in Zurn's brass crimp fittings. The proposed class includes, without limitation, all such persons or entities who contacted Zurn or its representatives about their Zurn Pex plumbing system and were denied or partially denied warranty coverage for failure of the Zurn Pex plumbing system based on a claim that "corrosion" was not covered by the warranty or that other alleged warranty limitations applied.

*In re Zurn Plumbing Prods. Liab. Litig.*, 267 F.R.D. 549, 567 (D. Minn. 2010). Zurn appealed the Court's order on class certification and the Eighth Circuit affirmed in all respects. *In re Zurn Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 620 (8th Cir. 2011). Zurn then challenged the majority opinion of the Eighth Circuit and that Court denied Zurn's petition for rehearing *en banc*. Zurn next moved to stay the mandate of the action back to this Court. The Eighth Circuit rejected that motion as well, and the Court issued the mandate.

With the appeal of the class certification order now concluded, Plaintiffs seek the Court's approval of proposed class notices and a plan to disseminate notice to notify class members of the pending litigation.

## Legal Standard

A district court must direct notice to members of a class certified under Rule 23(b)(3). The court must approve "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

The purpose of notice in a class action is to "afford members of the class due-process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)). Constitutional due-process requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action, and affording them the opportunity to opt out or object. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

The "best notice practicable" does not mean actual notice, nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable. *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992); *Manual for Complex Litigation* § 21.311, at 288 (4th ed. 2004).

The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due-process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).  Each class member need not receive actual notice for the due-process standard to be met, "so long as class counsel acted reasonably in selecting means likely to inform persons affected." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D. N.Y. 1996).

The content of the notice "must clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

## Discussion

**I.     The Content and Form of the Proposed Notices Are Fairly Balanced, Easy to Read, and Contain All Rule 23 Requirements.**

The Court certified a class of all owners of Zurn systems in Minnesota for warranty-based claims.  Owners of Zurn systems that have leaked may also assert claims based in negligence.  The primary target audience for this class action notice is, therefore, the owners of homes and properties located within Minnesota.  The proposed notice plan is designed to provide notice to these class members consistent with the due-process requirements of Rule 23 and the applicable federal case law.

Plaintiffs hired class-action notice consultants to assist with the drafting of the notices and the development of a plan to disseminate notice. Plaintiffs have retained Kurtzman Carson Consultants LLC ("KCC") to design, publish, and distribute the notice. (See Affidavit of Gina M. Intrepido-Bowden).  KCC has years of experience in handling class notice, claims administration, and related issues in complex nationwide class actions.  *Id.*

The proposed long and short form notices satisfy the "plain language" requirements under Rule 23(c)(2)(B) and provide neutral and informative notice upon which class members may base their decisions about the class action.  (Intrepido-Bowden Aff.). The proposed notices provide a neutral, non-legalistic summary of the case that clearly set out the nature of the claims and defenses. *Id.*  The proposed notices explicitly state that the notice is not a commentary on the merits of either side's claims or defenses, and that the Court has not yet decided any issue on the merits.  *Id.*  The notices provide a toll-free number and web site links to direct class members to additional sources of information, including actual pleadings and orders from the case. *Id.*

The type of notices proposed here are well-accepted by the Eighth Circuit.  *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (concluding that due-process met where the notice allows class members to acquire more information by consulting with the claims administrator); *see also In re Exxon Valdez*, No. A89-0095-CV, 1996 WL 384623, at *4 (D. Alaska, June 11, 1996).

Finally, the notices conform to the seven "plain language" requirements of Rule 23(c)(2)(B) by stating the following information: (1) the nature of the action; (2) the

definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of the class judgment. *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii); Intrepido-Bowden Aff.

The proposed notices are designed to provide the best notice practicable directed to class members. The notices avoid unintelligible legalese and difficult-to-decipher formats in favor of modern design and methods of easily-understandable mass communication. The notice forms and methods proposed for this case have been adopted by the Federal Judicial Center and have been used by courts across the country.

**II. The Plan for Distribution of Notice is Tailored to This Class Action and Constitutes the Best Practicable Notice Under the Circumstances.**

Discovery has shown that Zurn does not maintain comprehensive records of all owners of its pex plumbing systems. Zurn does, however, maintain at least some of the warranty claim information the company has received from owners of Zurn pex systems or individuals or entities that have submitted claims for leaking systems.[1] Class Counsel have also received inquiries from owners of Zurn systems, subrogated insurance carriers, and plumbers and have a list of those contacts.

In situations like this, where class members cannot be identified for purposes of sending individual notice, notice by publication is sufficient. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *see also Mirfasihi v. Fleet Mortg. Corp.*,

---

[1] These claims have come primarily from subrogated insurance companies or contractors that have paid for damage caused by leaking Zurn systems.

356 F.3d 781, 786 (7th Cir. 2004); *Kaufman v. Am. Express Travel Related Servs. Co. Inc.*, 264 F.R.D. 438, 445-46 (N.D. Ill. 2009); *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 107 (S.D. N.Y. 2007).

Because the names and contact information of all class members is not available, KCC has proposed a multi-faceted notice plan to provide notice to class members that exceeds constitutional due-process requirements. This approach constitutes "the best notice that is practicable under the circumstances" consistent with Rule 23(c)(2)(B). *See, e.g., In re Holocaust Victims Assets Litig.*, 105 F. Supp. 2d 139, 144 (E.D. N.Y. 2000) (approving plan involving direct-mail, published notice, press releases and earned media, Internet and other means of notice). Plaintiffs propose a comprehensive, multi-part notice plan to reach class members that includes the following methods:

### A.    Direct-Mailed Notice to Known Zurn Pex Claimants

Where names and addresses of known or potential class members are reasonably available, direct-mail notice is required. *See, e.g., Eisen*, 417 U.S. at 175-76; *Manual for Complex Litigation Fourth* § 21.311, at 292. If the names and addresses of class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of the due-process clause and Rule 23. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Carlough v. Amchem Prods.*, 158 F.R.D. 314, 325 (E.D. Pa. Oct. 27, 1993). Due-process is satisfied even if all class members do not receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform the persons affected. *See, e.g., Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Whether a notice dissemination plan is

7

reasonable is a function of the notice plan's anticipated results:

> Receipt of actual notice by all class members is required neither by Rule 23 nor the Constitution. . . . What efforts are reasonable under the circumstances of the case rests initially in the sound discretion of the judge before whom the case is pending . . . [T]he fact that notice to some class members must be given by publication is not necessarily fatal. In all cases the Court should strike an appropriate balance between protecting class members and making Rule 23 workable.

*In re Domestic Air Transp.*, 141 F.R.D. at 539 (alteration in original) (quotation omitted); *see also Berland v. Mack*, 48 F.R.D. 121, 129-30 (S.D. N.Y. 1969). In *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987), the Second Circuit recognized that "Rule 23 . . . accords considerable discretion to a district court in fashioning notice to a class."

Zurn has received warranty claims or notice of problems with Zurn pex systems from approximately 1,000 Minnesota property owners. Over the course of this litigation, Class Counsel have also received notice or inquiries about leaking Zurn pex systems from Minnesota property owners, insurers, and plumbers. The proposed notice plan contemplates sending direct-mail notice to these claimants at their last-known address and contemplates that 3,000 direct-mail notices will be sent. Intrepido-Bowden Aff.

### B. Notice Placed in 27 Newspapers

Apart from the warranty claim files that Zurn has not destroyed and the class member inquiries received by Class Counsel, there is no reasonable method to acquire the names and contact information of class members. In such a case, notice through publication will satisfy Rule 23 and the due-process interests of absent class members.

*See, e.g., Hall v. Best Buy Co., Inc.,* 274 F.R.D. 154, 168 (E.D. Pa. 2011); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 296 (W.D. Tex. 2007).

Publication will be the primary method to provide notice to class members whose name and address are not known. The short-form notice will be placed in two quarter-page notices in all 23 Minnesota newspapers and four other newspapers in North Dakota, South Dakota, and Wisconsin. Intrepido-Bowden Aff. One notice will be published in each weekday edition, and the other notice will run in each Sunday edition. The combined circulation of these newspapers is more than 1.1 million on Sundays and nearly 850,000 daily. *Id.*

### C. Notice Placed in Widely-Circulated Magazines

The short-form notice will also be placed in widely-circulated consumer publications targeted at consumers likely to own property in Minnesota. The notice plan contemplates running the notice in a one-half page insertion in *Better Homes & Gardens*, which reaches 18.9 percent of Minnesota homeowners. Intrepido-Bowden Aff. A full-page notice would also run in *Newsweek*, which reaches 7.9 percent of homeowners in the state. *Id.*

### D. Informational Press Release Sent to About 59 Minnesota Media Outlets

The notice plan includes sending a party-neutral, Court-approved informational press release to approximately 59 media outlets across Minnesota. Intrepido-Bowden Aff. The press release would include a toll-free telephone number and a web site address that would allow class members to obtain more information about the class action. *Id.*

The use of press releases and public relations to gain "earned media" is a recognized method to provide further awareness of the class notice. *See, e.g., In re Holocaust Victims*, 105 F. Supp. 2d at 144.[2]

### E. Informational Web site

The notice plan also includes a party-neutral, informational case web site with an easy-to-remember domain name. Intrepido-Bowden Aff. The web site would allow class members to obtain additional information about the pending litigation and will provide them with access to case pleadings and orders. *Id.* The web site's address would be prominently displayed in all notice materials. *Id.* Courts recognize the value of web sites for class notice. *Manual for Complex Litigation Fourth* § 21.311, at 288.

### F. Third-Party Notice Mailed to More Than 1,000 Minnesota Plumbing Contractors

The notice plan also includes mailing a third-party notice to approximately 1,055 Minnesota plumbing contractors. That notice will ask the plumbing contractors to share information about the class action with potential class members. Intrepido-Bowden Aff.

### G. Email Sent to Approximately 285 Minnesota Plumbing Contractors

KCC also proposes sending an email notification to about 285 Minnesota plumbing contractors that would include a link to the case web site. Intrepido-Bowden Aff. This notice will also ask the plumbers to share information about the class action with potential class members. *Id.*

---

[2] "Earned media" means articles, news, Internet or other coverage gained through press releases and public-relations efforts.

### III. The Proposed Class Notice and Notice Plan Provides the Best Notice Practicable Under the Circumstances.

The multi-faceted notice plan proposed here is specifically tailored to deliver adequate notice in a consumer case where all class members cannot be directly notified. *Manual for Complex Litigation Fourth* § 21.311, at 291-92. The proposed notice plan will be effective, meet the Rule 23 requirement of "best notice practicable under the circumstances," and easily satisfy constitutional due-process concerns.

The notices placed in newspapers and magazines in this case alone will "reach" about 71 percent of Minnesota homeowners. Intrepido-Bowden Aff. The concept of "reach" in class-action notice is the percentage of target audience exposed to a message. *See, e.g., Larson v. Sprint Nextel Corp.*, No. 07-5325, 2009 WL 1228443, at *11 (D. N.J. April 30, 2009). The 71 percent "reach" of the published notice alone proposed here far exceeds notice reach approved in other cases. *Id.* at *12. ("No case stands for the proposition that a publication notice reach of 49-53 percent is disallowed.").

In addition to the published notice, approximately 3,000 known claimants and persons who have contacted either Zurn or Class Counsel will receive direct notice of the certification of this class action. The notice provided to more than 1,300 plumbing contractors will further add to the reach of the notice. Finally, the informational press release and web site with an easy-to-remember domain name would significantly extend the reach to potential class members.

11

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order approving Plaintiffs' Class Notice and Notice Plan, including:

1. Summary notice of class-action litigation to be published in 27 newspapers in Minnesota, North Dakota, South Dakota, and Wisconsin;

2. Summary notice of class-action litigation to be published in *Better Homes & Gardens* and *Newsweek*;

3. Direct notice to be mailed to known Zurn pex warranty claimants or owners of Zurn systems;

4. Informational press release to be sent to about 59 media outlets across Minnesota;

5. Case web site to be established with an easy-to-remember domain name that contains neutral information about the pending litigation;

6. Third-party summary notice and cover letter to be mailed and emailed to the approximately 1,300 plumbing contractors in Minnesota explaining the pending litigation and a link to the case web site.

**LARSON • KING, LLP**

Dated: November 7, 2011.

By: s/Shawn M. Raiter
Shawn M. Raiter, Esq. #240424
2800 Wells Fargo Place
300 East Seventh Street
Saint Paul, MN 55101
Telephone: 651-312-6500
Telefax: 651-312-6615
**Plaintiffs' Lead Counsel**

Robert K. Shelquist #21310X
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401-2197
Telephone: (612) 339-6900
**Co-Chair of Plaintiffs' Steering Committee**

Gary E. Mason
MASON, LLP
1225 19th Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 429-2290
**Co-Chair of Plaintiffs' Steering Committee**

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
**Co-Chair of Plaintiffs' Steering Committee**

ZIMMERMAN REED, P.L.L.P.
J. Gordon Rudd #222082
651 Nicollet Mall, Suite 501
Minneapolis, MN 55401
Tel: (612) 341-0400
**Plaintiffs' Liaison Counsel**

1320686