# UNITED STATES DISTRICT COURT
## District of Minnesota

In RE: Zurn Pex Plumbing
Products Liability Litigation

**JUDGMENT IN A CIVIL CASE**

Case Number: 08-md-1958 (ADM/AJB)

This Document Relates to:
    All Actions

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
1. The Motion for Final Approval of Class Action Settlement [Docket No. 244] is **GRANTED**.

2. The class action settlement previously preliminarily approved by the Court is fair, reasonable, and adequate under the circumstances and is granted final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. The terms of the parties' Settlement Agreement are hereby incorporated as the Order of this Court;

4. The Court approves and certifies a Rule 23 (b)(3) settlement class defined as:

> All Persons that own or have owned buildings, homes, residences or any other structures located in the United States that contain or have ever contained F1807 Fittings. Also included in this class are all such Persons' spouses, joint owners, heirs, executors, administrators, mortgagees, tenants, creditors, lenders, predecessors, successors, subsequent owners or occupants, trusts and trustees, attorneys, agents, and assigns and all Persons who have vested legal rights such that they have legal standing and are entitled to assert a claim on behalf of such Settlement Class Members for Leaks or Occlusions. Insurance carriers are members of the Settlement Class for Leaks and Occlusions if they paid insurance claims for Leaks or Occlusions prior to the date of the Preliminary Approval Order and thereby obtained legally vested subrogation rights.
>
> Persons who seek contribution or indemnity from the Zurn Defendants on past settlements of claims with Settlement Class Members involving Leaks or Occlusions are members of the Settlement Class for those Leaks and Occlusions if they paid those settlements prior to the date of the Preliminary Approval Order and thereby obtained vested legal rights to pursue such contribution or indemnity claims. To the extent there may in the future be subrogated insurance carriers or Persons who seek contribution or indemnity from the Zurn Defendants

because of vesting of legal rights that occurs after the date of the Preliminary Approval Order, they shall not be Settlement Class Members, but the rights that they take through a Settlement Class Member shall be limited by all of the terms, time periods, releases, caps, no double recoveries and other provisions of this settlement.

5. The Court appoints the following individuals and entities as class representatives for the settlement class: Denise and Terry Cox; Jody and Brian Minnerath; Christa and Kevin Haugen; Carrie and Robert Hvezda; Michelle Oelfke; Beverly Barnes and Brian Johnston; Bridget and Paul Bohn; Charles A. Breaux, Sr.; Coppersmith Plumbing; Darla and Anthony Kolker; Judith Nicodemus; Brenda and Brian Rose; Donovan and Alyssa Shaughnessy; and Don Vtipil;

6. To represent the settlement class and its members, the Court appoints Shawn M. Raiter of Larson • King, LLP as Lead Class Counsel and the following attorneys as Class Counsel: Robert Shelquist of Lockridge Grindal Nauen, PLLP; Charles LaDuca of Cuneo, Gilbert & LaDuca, LLP; Christopher Coffin of Pendley, Baudin & Coffin, LLP; David Black of Perkins Coie LLP; Michael McShane of Audet & Partners, LLP; J. Gordon Rudd of Zimmerman Reed PLLP; Daniel K. Bryson and Gary E. Mason of Whitfield, Bryson & Mason, LLP; Joel R. Rhine of Rhine Law Firm, P.C.; Mark J. Schirmer of Straus & Boies, LLP; and Rhett A. McSweeney of McSweeney/Langevin;

7. The notice provided to the class was reasonable and the best practicable notice reasonably calculated under the circumstances to apprise class members of the pendency of this actions, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;

8. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center;

9. The notice provided to the attorney general representatives complied with 28 U.S.C. § 1715 and more than 90 days' notice was provided before the final fairness hearing was held in this matter;

10. Class members who did not file a timely and valid request for exclusion from this settlement are bound by the releases provided in the Settlement Agreement (¶¶ 84, 85, 90-100);

11. The injunction issued in the Court's Order Granting Motion to Certify Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement and Form and Dissemination of Notice to the Class [Docket No. 219] shall be **LIFTED** thirty (30) days after the date final judgment is issued in this matter;

12. Class members who did not file a timely and valid exclusion are enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to their F1807 Fittings, the claims and causes of action, or the facts and circumstances relating thereto, in this proceeding, or the Settlement Agreement except for claims reserved or not released in the Settlement Agreement;

13. The Settlement Agreement does not bar a party from filing, commencing, prosecuting, maintaining, intervening in, or participating in (as class members or otherwise), any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order against any non-Zurn Defendant, including, but not limited to, builders and contractors, related to the subject matter of the Settlement Agreement;

14. The settlement class members' claims against parties other than the Zurn Defendants, including but not limited to developers, builders, designers, plumbers, installers, and other manufacturers of pex plumbing systems, shall not be released by the Settlement Agreement.

15. As provided in the Settlement Agreement, the release entered into by the settlement class members and the Zurn Defendants shall be construed to have the effect of the releases in Pierrienger v. Hoger, 124 N.W.2d 106 (Wis. 1963), and Frey v. Snelgrove, 269 N.W.2d 918 (Minn. 1978), as set forth in paragraph 95 of the Settlement Agreement, with the sole exception that, in California, Hawaii, and states that have equivalent good faith settlement statues, the provisions of the Settlement Agreement constitute a good faith settlement and will be so construed under the good faith settlement statutes in those forums. See California Code of Civil Procedure §§ 877 and 877.6, Hawaii Revised Statutes 663-15.5. In any case, the Zurn Defendants will not be liable for contribution or indemnity claims related to underlying claims made by class members and resolved through the Settlement;

16. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over this case and the parties, including all owners of plumbing systems with F1807 Fittings and their representatives who did not file a timely and valid request for exclusion from this settlement, concerning the administration, consummation, claim procedures, and enforcement of the settlement and the benefits to the class members thereunder;

17. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over any disputes about the validity or scope of requests for exclusion from this settlement and any dispute about the scope of or interpretation of the Settlement Agreement.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

1. The terms of the parties' Settlement Agreement are incorporated herein and shall be followed and carried out by class counsel and the Zurn Defendants;

2. Class counsel's requested service payments for class representatives are appropriate and the requested award of $8.5 million for attorneys' fees, costs, and expenses is reasonable. There are no objections to the service payments or the attorneys' fees, costs, and expenses. The awards are approved.

3. In accordance with the terms of the parties' Settlement Agreement:

   a. The following class representatives are awarded a service payment in the amount of $7,500.00 per home or abode: Denise and Terry Cox; Jody and Brian Minnerath; Christa and Kevin Haugen; Carrie and Robert Hvezda; and Michelle Oelfke.

   b. The following class representatives are awarded a service payment in the amount of $5,000.00 per home or abode: Beverly Barnes and Brian Johnston; Bridget and Paul Bohn; Charles A. Breaux, Sr.; Coppersmith Plumbing; Darla and Anthony Kolker; Judith Nicodemus; Brenda and Brian Rose; Donovan and Alyssa Shaughnessy; and Don Vtipil.

   c. The Zurn Defendants must pay the class representatives service payments to Lead Class Counsel by the Effective Date of the Settlement Agreement.

4. Class counsel are awarded $8.5 million for attorneys' fees and reimbursement of the costs and expenses advanced in this litigation. Pursuant to the parties' Settlement Agreement, the Zurn Defendants shall pay $8.5 million in attorneys' fees and costs reimbursement to Lead Class Counsel within 30 days of the Effective Date. (Settlement Agreement ¶ 134).

5. Without affecting the finality of this order, the Court retains continuing jurisdiction over this case and the parties, including all members of the class, concerning the administration and enforcement of the settlement and the Court's orders in this litigation.

|   |   |
|---|---|
| February 27, 2013 | RICHARD D. SLETTEN, CLERK |
| Date |   |
|   | s/ J. Midtbo |
|   | (By)         J. Midtbo   Deputy Clerk |